BERNARDO SUÁREZ, Plaintiff and Appellant, v. ANGEL FRANCISCO PEREIRA, Defendant and Appellee.

No. 9278. Argued May 2, 1946.—Decided June 6, 1946.

*Rafael Soltero Peralta* for appellant. *R. Rivera Zayas* and *R. Rivera Cestero* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Plaintiff appeals from a judgment dismissing his complaint for damages because, according to the lower court, the facts alleged therein show that the action is barred. The original complaint was filed on September 11, 1944, and the facts set forth in the amended complaint, which we must ac-

cept as true for the purpose of the motion for dismissal filed by the defendant, are, in short, as follows:

It is alleged that the accident which caused the injuries sustained by the plaintiff took place on August 8, 1943, and that on the following day, while plaintiff was confined in a hospital, the defendant called on him with a friend and admitted that the bus which had hit the plaintiff belonged to the defendant and that the driver was acting within the scope of his employment; that the defendant admitted his liability in the case as a result of his employee's negligence and made proposal to settle with the plaintiff; that the defendant also informed the plaintiff that the vehicle in question was insured by an insurance company represented by Carrión, Inc., in Puerto Rico and told the plaintiff to make his claim for compensation against said company; that three or four weeks after the accident, Angel Rivera, defendant's chauffeur, went to see the plaintiff and showed him the printed form which is supplied by the insurance company to be filled by the driver in cases of accidents and that Rivera told him that he had obtained said printed form at the instance of defendant in order that the company should pay the damages; that after the plaintiff had been confined in the hospital for three months and the degree of his incapacity was determined, plaintiff, through his attorney took steps with the Great American Indemnity Company, which is the company that insured defendant's vehicle, requiring said company to pay the damages; that the company "admitted its condition of insurer of the vehicle which caused plaintiff's damages, as alleged in the previous paragraphs, and after several months during which a number of conferences were held between the representatives of said company and plaintiff's attorney, they were unable to reach an agreement as to the exact amount of the damages, inasmuch as the company declared that it was not willing to pay any amount greater than $999 as

damages to the plaintiff, which was not accepted by the latter. It is further alleged that the representatives of the insurance company *at no time questioned defendant's liability or its own liability as the insurer,* and that all the conferences were confined to determining the amount of the compensation." (Italics ours.)

Upon granting the motion for dismissal the lower court stated:

After examining said amended complaint, from which it appears that the accident which caused the damages sought to be recovered took place on August 8, 1943, and since the original complaint was filed on September 11, 1944, and it can not be held that the alleged call made by defendant on plaintiff on August 9, 1943, wherein the former expressly accepted the negligence of his chauffeur in relation to the accident, interrupted for more than one day the period of prescription, and neither may it be concluded that the conduct of plaintiff's attorney towards the insurer of defendant's vehicle which caused the damages, even if said conduct was induced by the defendant, interrupted the statutory period of prescription in the action for damages . . ."

Although appellant charges six errors, he has discussed them jointly and admits that the fundamental question involved in this case is whether or not the action is barred.

Section 1868 of the Civil Code (1930 ed.) provides that actions to demand civil liability for obligations arising from fault or negligence prescribe in one year, computed from the time the aggrieved person had knowledge thereof, while § 1873 provides, on the other hand, that "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor."

Since it appears from the record that the original complaint was filed on September 11, 1944, and that the accident which caused plaintiff's injuries occurred on August 8, 1943, it is obvious that the one year provided by § 1868, *supra,* had expired. Now, are the averments contained in the

amended complaint, which must be accepted as true for the purpose of the motion for dismissal, sufficient to show that the one-year period of prescription was interrupted? Let us see.

Appellee contends, and it was so decided by the lower court, that the alleged call made by the defendant on the plaintiff the day after the accident, that is, on August 9, 1943, wherein defendant expressly accepted the negligence of his chauffeur, interrupted the prescription for only one day, and that plaintiff's conduct towards the insurer of defendant's vehicle, although induced by the defendant, did not operate as an interruption of the prescriptive period.

We are of the opinion that appellant's contention is correct in so far as he alleges that, since defendant admitted his liability on the day after the accident and at the same time asked plaintiff to present his claims against the insurance company, and since it is further alleged that upon plaintiff complying with said suggestion the insurance company never questioned defendant's liability nor its own, under the terms of the policy, as the only question in controversy between the plaintiff and the insurance company over which conferences were held for several months, was the amount of the compensation, the first one being held three months after plaintiff was confined in the hospital, said allegations, if satisfactorily proved, are sufficient to show that prescription was interrupted for several months and that the action is not barred, since the complaint was filed only one month and three days after the expiration of one year since the accident.

In *Cruz* v. *González, ante,* p. 203, we held that notwithstanding the extrajudicial claim presented by plaintiff against one of the defendant parties, alone, to wit, against the insurance company, assuming that the latter was plaintiff's debtor, the action was barred as to the insured, against whom no claim was presented and who had not admitted his liability,

and hence that the complaint did not state a cause of action either against the assured or against the insurer, inasmuch as the latter is liable only if the former is.

The case at bar is different. The facts alleged tend to show, first, that the assured accepted and admitted his liability; second, that plaintiff, at the instance of the assured, presented an extrajudicial claim against the insurer; and, third, that the insurer accepted the assured's liability as well as its own. Pursuant to these allegations we may conclude (which we were unable to do in *Cruz* v. *González, supra*) that the extrajudicial claim against the insurance company prejudiced the defendant as assured, since the former as well as the latter admitted that liability. Defendant's suggestion to the plaintiff to present his claim against the insurance company and the latter's acceptance of its liability, and, as a consequence thereof, the carrying on of negotiations to determine the amount of the compensation, made the insurance company, if not already authorized under the terms of the policy,[1] the agent or representative of the assured. It would not be fair or equitable, accepting as true the allegations of the amended complaint, to permit the defendant to elude his responsibility by alleging that the action is barred. His voluntary acceptance of the liability did not limit the interruption of prescription to 24 hours as decided by the lower court. This interruption continued for several months during which the insurance company, upon assuming the liability together with the assured, delayed the case in discussing the amount of compensation. The conduct of the insurance company, as alleged in the complaint, was not confined to discussing the matter with the plaintiff as was the case in *Cruz* v. *González, supra*. This conduct, together with that of the assured, whereby they accepted liability, interrupted the prescription for several months. Since said interruption

---

[1] See *Bergeron* v. *Mansour*, 152 F. (2d) 27, 33.

lasted more than one month and three days during which period the complaint was filed one year after the accident, the action was not barred.

The judgment appealed from must be reversed and the case remanded for further proceedings.